## Abraham Bernstein v. Leon Zolotkoff and Fannie Zolotkoff.

1.  CHATTEL MORTGAGES—*Household Goods Sold on the Installment Plan.*—The act of June 5, 1889, to regulate the foreclosure of chattel mortgages on household goods, etc., has no application to the sale of furniture by regular dealers on the installment plan.

Replevin.—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding.   Heard in this court at the March term, 1897.   Reversed and remanded.   Mr. Presiding Justice SHEPARD dissenting.   Opinion filed June 14, 1897.

BLUM & BLUM, attorneys for appellant.

ZOLOTKOFF & ZOLINE, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

December 5, 1891, the appellant, a regular dealer in furniture on the so-called installment plan, sold to the wife —then Fannie Ogers— furniture, for which he took her nineteen promissory notes, payable at intervals extending over two years, secured by chattel mortgage on the same furniture.

Thereafter she married the appellee Leon, and December 4, 1893, the appellees gave to the appellant a new mortgage on the same furniture to secure the unpaid portion of

the original debt, to be paid at like intervals—also fixed by promissory notes.

December 4, 1894, by a suit before a justice of the peace, the appellant replevied the goods. By appeal the case got into the Superior Court, where it was dismissed for want of jurisdiction.

Whether the supposed want of jurisdiction was based upon a construction of an act to regulate the foreclosure of chattel mortgages, etc., approved June 5, 1889, that "the so-called installment plan" did not permit a transfer of the title and possession of the goods sold, and a mortgage back to secure the price; or that the second mortgage in which the husband—who did not purchase—joined, was an abandonment of the "installment plan;" or why the court held it had not jurisdiction, does not appear.

Until the appellant had been paid the price of his furniture, however many the mutations through which his security for that price had passed, he was in relation to it, and the security for it, exempt from the enacting part of the act cited; and whether he sold upon a contract which in terms called for payment by installments, or by any other method which in fact made the price payable by installments, the result is the same and he is within the exemption of the proviso.

The original affidavit upon which the writ of replevin was sued out was sufficient. No amendment was necessary.

The refusal to permit the amendment, therefore, need not be considered.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion. If it should appear that the appellant replevied any gools not sold by him to the wife at the time of the first mortgage, then only as to those goods his suit would fail.

MR. PRESIDING JUSTICE SHEPARD dissents.